UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILLIP SULLIVAN JR, on behalf of himself and all others similarly situated,<br><br>           Plaintiff,<br><br>          - against -<br><br>WP Company LLC<br><br>           Defendant. | **1:17-CV-08152 (KBF)** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE COMPLAINT BASED ON LACK OF PERSONAL JURISDICTION**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

BACKGROUND ........................................................................................................ 1

ARGUMENT ............................................................................................................. 2

I.       The Post Is Not Subject To General Jurisdiction In New York ............................ 2

II.      The Post Is Not Subject To Specific Jurisdiction In New York ........................... 4

      A.       The Post Is Not Subject to Specific Jurisdiction in New York Merely Because It Maintains a Website That Is Accessible in New York ................................................................................................ 5

      B.       The Post Is Not Subject to Specific Jurisdiction in New York Merely Because Plaintiff Accessed Its Website in New York ................. 6

III.     Plaintiff Has Not Pled Facts Supporting That The Exercise Of Personal Jurisdiction Comports With Due Process ........................................................... 10

CONCLUSION ....................................................................................................... 11

## <u>TABLE OF AUTHORITIES</u>

**Page**

C<small>ASES</small>

*Bensusan Restaurant Corp. v. King*,
    126 F.3d 25 (2d Cir. 1997)...................................................................................10

*Best Van Lines, Inc. v. Walker*,
    490 F.3d 239 (2d Cir. 2007)...........................................................................6, 11

*BNSF Ry. Co. v. Tyrrell*,
    137 S. Ct. 1549 (2017)..........................................................................................2

*Bristol-Meyers Squibb Co. v. Super. Ct.*,
    137 S. Ct 1773 (2017)...........................................................................................7

*Brown v. Lockheed Martin Corp.*,
    814 F.3d 619 (2d Cir. 2016)..................................................................................3

*Brown v. Web.com Grp., Inc.*,
    57 F. Supp. 3d 345 (S.D.N.Y. 2014)...................................................................11

*Capitol Records, LLC v. VideoEgg, Inc.*,
    611 F. Supp. 2d 349 (S.D.N.Y. 2009)...........................................................4, 6, 8

*Caraveo v. U.S. E.E.O.C.*,
    96 F. App'x 738 (2d Cir. 2004) ............................................................................4

*Coll. Essay Optimizer, LLC v. Edswell, Inc.*,
    No. 14-CV-8586 LAK, 2015 WL 5729681 (S.D.N.Y. Sept. 30, 2015) ...........5, 7, 9

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014)........................................................................................2, 7

*Diaz-Oropeza v. Riverside Red X, Inc.*,
    No. 11-2012-JTM, 2011 WL 2580167 (D. Kan. June 28, 2011)............................4

*Freeplay Music, Inc. v. Cox Radio, Inc.*,
    No. 04 CIV. 5238GEL, 2005 WL 1500896 (S.D.N.Y. June 23, 2005)...................6

*Gmurzynska v. Hutton*,
    257 F. Supp. 2d 621 (S.D.N.Y. 2003)...............................................................3, 5

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
    564 U.S. 915 (2011)........................................................................................2, 3, 4

*ISI Brands, Inc. v. KCC Int'l, Inc.*,
    458 F. Supp. 2d 81 (E.D.N.Y. 2006) ...................................................................10

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
    732 F.3d 161 (2d Cir. 2013)...........................................................................4, 7, 9

*Licci v. Lebanese Canadian Bank*,
    20 N.Y.3d 327, 984 N.E.2d 893 (2012).................................................................7

*Megna v. Biocomp Labs. Inc.*,
    166 F. Supp. 3d 493 (S.D.N.Y. 2016)....................................................................9

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
    84 F.3d 560 (2d Cir. 1996)...................................................................................10

*Philpot v. Kos Media LLC*,
    No. 16CV01523ATBCM, 2017 WL 2270248 (S.D.N.Y. Apr. 21, 2017)..........8, 10

*Royalty Network Inc. v. Dishant.com, LLC*,
    638 F. Supp. 2d 410 (S.D.N.Y. 2009)........................................................ passim

*Sae Han Sheet Co. v. Eastman Chem. Corp.*,
    No. 17 CIV. 2734 (ER), 2017 WL 4769394 (S.D.N.Y. Oct. 19, 2017) ..................3

*Scottevest, Inc. v. AyeGear Glasgow Ltd.*,
    No. 12 CIV. 851 PKC, 2012 WL 1372166 (S.D.N.Y. Apr. 17, 2012) ....................9

*Seldon v. Direct Response Techs.*,
    5381(SAS), 2004 WL 691222 (S.D.N.Y. Mar. 31, 2004) ....................................10

*Sullivan v. Daily News, L.P.*,
    1:17-cv-03314 (S.D.N.Y. 2017) .............................................................................9

*Sullivan v. The Slate Group, LLC*,
    1:17-cv-02897 (S.D.N.Y. 2017) .............................................................................9

*Sullivan v. Vox Media, Inc.*,
    1:17-cv-02581 (S.D.N.Y. 2017) .............................................................................9

*Taormina v. Thrifty Car Rental*,
    No. 16-CV-3255 (VEC), 2016 WL 7392214 (S.D.N.Y. Dec. 21, 2016).................3

*Walden v. Fiore*,
    134 S. Ct. 1115 (2014) ............................................................................................7, 11

**STATUTES**

Title III of the Americans with Disabilities Act .........................................................................1

New York City Human Rights Law ............................................................................................1

New York State Civil Rights Law ..............................................................................................1

New York State Human Rights Law ...........................................................................................1

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(2) ..................................................................................1

N.Y. CPLR § 302(a)(1) ..............................................................................................................4

## INTRODUCTION

Phillip Sullivan Jr. ("Plaintiff") has filed suit against WP Company LLC d/b/a The Washington Post ("The Post") under Title III of the Americans with Disabilities Act, the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law.  Because The Post is not subject to personal jurisdiction in New York, The Post now moves to dismiss Plaintiff's Complaint.  Plaintiff has not alleged sufficient facts, nor can he, to establish either general or specific jurisdiction over The Post.  The Post is neither headquartered nor incorporated in New York; therefore, Plaintiff cannot establish that The Post is subject to this Court's general jurisdiction.  Likewise, Plaintiff cannot establish that The Post is subject to specific jurisdiction.  The mere fact that The Post operates a website that is accessible in New York, and that Plaintiff allegedly viewed one video on The Post's website while he resided in New York – the only allegations connecting The Post to Plaintiff's alleged injury – is insufficient to establish specific jurisdiction over The Post.  Accordingly, the Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2).

## BACKGROUND

The Post is incorporated in Delaware and headquartered in Washington D.C.  The Post operates and maintains a website that is accessible "throughout the United States, including New York State."  (Dkt. 1 ¶ 29.)  The website, "a news source providing information about politics, sports, finance and other entertainment information [ ] delivers important news and information to hundreds of millions of people across the United States."  (Dkt. 1 ¶ 28.)  The Website allows the user to browse news commentaries, information and videos "with the click of a mouse."  (Dkt. 1 ¶ 30.)

Plaintiff, a resident of New York, is a deaf individual who claims that he browsed and intended to watch a particular video on The Post's website. (Dkt. 1 ¶¶ 2, 8, 14.) Specifically, Plaintiff alleges that he attempted to watch a video in October 2017, entitled "Trump's Puerto Rico Video Tells Positive Story But Leaves A Lot On Cutting-room Floor," but he could not comprehend the content of the video because it lacked closed captioning. (Dkt. 1 ¶ 15.) Plaintiff asserts that he allegedly attempted to watch this video while in New York. (Dkt. 1 ¶ 13.) He also alleges that "[t]his case arises out of Defendant's [alleged] policy and practice of denying the deaf and hard of hearing access to the Website." (Dkt. 1 ¶ 31.)

## ARGUMENT

### I.     The Post Is Not Subject To General Jurisdiction In New York

For this Court to assert general jurisdiction over The Post, The Post's contacts with New York must be "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The Supreme Court has instructed that a corporation is usually "essentially at home" only in the states where it is incorporated or where it has its principal place of business. *Id*. at 760. Plaintiff does not allege that The Post either is incorporated in or maintains its principal place of business in New York, nor can he since neither would be accurate.

As a result, Plaintiff's only avenue to establish general jurisdiction in this forum would be to prove that this is an "exceptional case" that demands that The Post be deemed "essentially at home" in New York, which Plaintiff simply cannot do. *Daimler*, 134 S. Ct. at 761 n.19. The Supreme Court has rejected the notion that a corporation can be deemed "at home" simply by virtue of doing business in a state because "[o]therwise, 'at home' would be synonymous with 'doing business.'" *Daimler*, 134 S. Ct. at 761 n. 20; *see also BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558-59 (2017) (holding that railroad company was not "essentially at home" in Montana

despite having "over 2,000 miles of railroad track and more than 2,000 employees" there because the company was not "so heavily engaged in activity in Montana" to make Montana "the center of [its] activities"). Even a corporation's "continuous activity of some sorts within a state ... is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927) (2011)).

Here, the only allegations Plaintiff makes with respect to The Post's activities in New York are that The Post is "registered to do business in New York State and has been doing business in New York State." (Dkt. 1 ¶ 13.) However, the mere act of registering to do business in New York, even coupled with a conclusory allegation that The Post is actually doing business in New York, does not subject a corporation to a New York court's jurisdiction. *See Gmurzynska v. Hutton*, 257 F. Supp. 2d 621, 625 (S.D.N.Y. 2003) ("conclusory allegations are not enough to establish personal jurisdiction"). Indeed, "[i]f mere registration and the accompanying appointment of an in-state agent—without an express consent to general jurisdiction—nonetheless sufficed to confer general jurisdiction by implicit consent, every corporation would be subject to general jurisdiction in every state in which it registered, and *Daimler's* ruling would be robbed of meaning." *Brown*, 814 F.3d at 640. The weight of authority on this issue holds that "the New York registration statutes are not carefully drawn to expressly require consent to general jurisdiction." *Sae Han Sheet Co. v. Eastman Chem. Corp.*, No. 17 CIV. 2734 (ER), 2017 WL 4769394, at *6 (S.D.N.Y. Oct. 19, 2017); *see also Taormina v. Thrifty Car Rental*, No. 16-CV-3255 (VEC), 2016 WL 7392214, at *7 (S.D.N.Y. Dec. 21, 2016) (rejecting argument that company's "registration to do business and appointment of an agent for service of process constitute consent to general jurisdiction."). Accordingly, because Plaintiff can offer nothing more than conclusory allegations that The Post is

doing business in New York, he has not and cannot establish that The Post is subject to general jurisdiction in New York.

## II.    <u>The Post Is Not Subject To Specific Jurisdiction In New York</u>

Any attempt to establish specific jurisdiction fares no better.  In the absence of a federal statute specifically directing otherwise, and subject to limitations imposed by the United States Constitution, courts look to the law of the forum state to determine whether a federal district court has personal jurisdiction over a foreign corporation.  *Brown*, 814 F.3d at 624.  Because the Americans with Disabilities Act does not provide for nationwide service of process, *Diaz-Oropeza v. Riverside Red X, Inc*., No. 11-2012-JTM, 2011 WL 2580167, at \*2, fn. 3 (D. Kan. June 28, 2011), the Court must look to New York law to determine whether it has personal jurisdiction over this non-domiciliary defendant.  *See Caraveo v. U.S. E.E.O.C*., 96 F. App'x 738, 741 (2d Cir. 2004) (New York's personal jurisdiction rules apply when defendant is not sued pursuant to any statute providing for nationwide service of process).

The NY CPLR provides that "a court may exercise personal jurisdiction over any non-domiciliary….that transacts any business within the state or contracts anywhere to supply goods or services in the state" when the cause of action is "arising from" such acts.  N.Y. CPLR § 302(a)(1); *Capitol Records, LLC v. VideoEgg, Inc*., 611 F. Supp. 2d 349, 357 (S.D.N.Y. 2009).  Thus, under § 302(a)(1), a court examines (1) whether the defendant transacts any business in New York and, if so, (2) whether this cause of action arises from such a business transaction.  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013).  Plaintiff bears the burden of establishing the Court's jurisdiction over The Post.  *Royalty Network Inc. v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 416 (S.D.N.Y. 2009).

Where, as here, personal jurisdiction is alleged primarily in connection with an out-of-state defendant's website, New York courts employ a "spectrum of interactivity" analysis to

determine whether the contacts with the state are sufficient for the court to exercise personal jurisdiction over the corporation that owns and operates the website. *Coll. Essay Optimizer, LLC v. Edswell, Inc*., No. 14-CV-8586 LAK, 2015 WL 5729681, at *4 (S.D.N.Y. Sept. 30, 2015).  In this regard, New York courts distinguish between "passive websites" and "interactive websites." *Id*.  Allegations relating to the operation of a "passive website" that simply allows users to view information are insufficient to confer jurisdiction over a non-domiciliary defendant.  *Id*.  Courts have analogized such websites "to an advertisement in a nationally-available magazine or newspaper," which without more "does not … justify the exercise of jurisdiction over the defendant." *Royalty Network*, 638 F. Supp. at 418 (internal quotations omitted).  As explained below, the mere fact that The Post operates a website that is accessible in New York – the only alleged business transaction in New York – and that Plaintiff allegedly accessed The Post's website in New York, is insufficient under New York law to establish specific jurisdiction.

A.   **The Post Is Not Subject to Specific Jurisdiction in New York Merely Because It Maintains a Website That Is Accessible in New York**

Plaintiff pleads few facts concerning The Post's activities in New York.  Other than the conclusory assertion that The Post "has been doing business in New York State" (Dkt. 1 ¶ 13), which alone is insufficient – *see Gmurzynska v. Hutton*, 257 F. Supp. 2d 621, 625 (S.D.N.Y. 2003) ("conclusory allegations are not enough to establish personal jurisdiction") – the only allegation that Plaintiff makes with respect to The Post's alleged business transactions in New York is that The Post maintains a website that is accessible "throughout the United States, including New York State" (Dkt. 1 ¶ 29).  This too is not sufficient to confer specific jurisdiction over The Post.

To establish specific jurisdiction in New York, Plaintiff must show more than that the defendant's website is accessible everywhere.  *Royalty Network*, 648 F. Supp. 2d at 418.  "[T]he

-5-

mere availability of the site to users in New York, standing alone, does not amount to transacting business in the state for purposes of section 302(a)." *Id*; *see also Freeplay Music, Inc. v. Cox Radio, Inc*., No. 04 CIV. 5238GEL, 2005 WL 1500896, at *7 (S.D.N.Y. June 23, 2005) (holding that "[i]t stretches the meaning of 'transacting business' too far to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred or was actively sought.").  Thus, courts in this District have "concluded that the posting of [ ] material on a website accessible in New York does not, without more, constitute 'transacting business' in New York for purposes of New York's long arm statute." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 250 (2d Cir. 2007) (collecting cases); *see Freeplay Music*, 2005 WL 1500896 at *7 (broadcast of sound compositions over defendant's website could not serve as a basis for jurisdiction under § 302(a)(1)).  Rather, the constitutional underpinnings of the New York long-arm statute and the precedents of courts in this Circuit require something more.  *Capitol Records, LLC v. VideoEgg, Inc*., 611 F. Supp. 2d 349, 358 (S.D.N.Y. 2009).  Specifically, to establish specific jurisdiction, Plaintiff must show that the website "purposefully directs activity into a forum state—for example, by making sales of goods or services to New York residents." *Royalty Network*, 648 F. Supp. 2d at 418-419.  Here, Plaintiff has made no such showing.  Accordingly, Plaintiff cannot establish that The Post is subject to specific jurisdiction in New York merely by alleging that The Post maintains a website that is accessible in New York.

### B.    The Post Is Not Subject to Specific Jurisdiction in New York Merely Because Plaintiff Accessed Its Website in New York

Plaintiff also cannot establish that The Post is subject to specific jurisdiction in New York on the grounds that he, a New York State resident, "attempted to watch videos on the Website in

New York County," allegedly causing him injury (Dkt. 1 ¶¶ 13-14).  Specific jurisdiction exists

in a forum when the suit "arises out of or relates to the defendant's contacts with the forum."

*Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (internal citations omitted).  When the suit

does not arise out of the defendant's contacts with the forum, "specific jurisdiction is lacking

regardless of the extent of a defendant's unconnected activities in the State."  *Bristol-Meyers*

*Squibb Co. v. Super. Ct.*, 137 S. Ct 1773, 1781 (2017).  Moreover, "the defendant's suit-related

conduct must create a substantial connection with the forum State."  *Walden v. Fiore*, 134 S. Ct.

1115, 1121 (2014).

 For claims to arise from a business transaction – as required to establish specific

jurisdiction in New York – there must exist  "a relatedness between the transaction and the legal

claim such that the latter is not completely unmoored from the former, regardless of the ultimate

merits of the claim."  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d

Cir. 2013) (quoting *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 338, 984 N.E.2d 893, 900

(2012)).  When a website is alleged as the basis for establishing specific jurisdiction, courts must

consider the degree to which the defendant's website specifically targets New York.  *Coll. Essay*,

2015 WL 5729681 at *4.  For the operation of a website to confer personal jurisdiction, the "web

activity directed at New York must be volitional [or] distinguishable from [defendant's]

interaction with users located in any other jurisdiction."  *Id.* (internal quotations omitted).  Even

though a website may be "capable of conducting web-based business transactions with New

Yorkers….[if] plaintiff provides no evidence, or even an allegation, that any New York resident

actually engaged in any such transactions….that failure is fatal."  *Philpot v. Kos Media LLC*, No.

16CV01523ATBCM, 2017 WL 2270248, at *11 (S.D.N.Y. Apr. 21, 2017), report and

recommendation adopted, No. 16CIV1523ATBCM, 2017 WL 2269531 (S.D.N.Y. May 23,

2017) (internal quotations omitted).  Thus, in an analogous case, the court dismissed the complaint for lack of personal jurisdiction where the plaintiff provided "no evidence that any New York resident actually engaged in any such transactions—e.g., registered with the website or downloaded material from it—or that defendants did anything to indicate their knowing and purposeful transaction with New York visitors." *Royalty Network*, 638 F. Supp. 2d at 420; *see Capitol Records, LLC v. VideoEgg, Inc.*, 611 F. Supp. 2d 349, 360 (S.D.N.Y. 2009) (display of videos on website free of charge and available irrespective of the viewer's locale insufficient to constitute "transaction of business" in New York).

Plaintiff has not established that he or any other New Yorker engaged in any business transaction via The Post's website.  To the contrary, Plaintiff's allegations make clear that any of the "hundreds of millions of people across the United States" (Dkt. 1 ¶ 28) may access The Post's website without registering and free of charge, simply "with the click of a mouse."  (Dkt. 1 ¶ 30.)  Indeed, Plaintiff does not so much as allege that he is a subscriber to The Post's website, and his allegations indicate that he accessed The Post's website on one occasion in October 2017 to watch one video.[1]  The relatedness described by the Second Circuit in *Licci*, 732 F.3d at 168, simply has not been established by Plaintiff's Complaint.

The only allegation that Plaintiff offers is that The Post's "Website is a service and benefit offered by Defendant throughout the United States, including New York State."  (Dkt. 1 ¶ 29.)  This bare assertion is insufficient to confer personal jurisdiction over The Post; it does not identify any transaction that was directed to New York.  On similar facts, the court in *Scottevest,*

---

[1] The Post is aware that Plaintiff has filed at least 11 other (virtually identical) lawsuits against companies based on these same operative facts – that is, accessing a company's website on one occasion and claiming that he was unable to watch a video due to the video not being embedded with closed captioning.  *See, e.g. Sullivan v. Daily News, L.P.*, 1:17-cv-03314 (S.D.N.Y. 2017); *Sullivan v. Vox Media, Inc.*, 1:17-cv-02581 (S.D.N.Y. 2017); *Sullivan v. The Slate Group, LLC*, 1:17-cv-02897 (S.D.N.Y. 2017).

*Inc. v. AyeGear Glasgow Ltd*., No. 12 CIV. 851 PKC, 2012 WL 1372166, at *4 (S.D.N.Y. Apr. 17, 2012) found that an allegation of defendant's ownership of an interactive web site that sold goods in the United States, including New York, did not "meaningfully distinguish commerce in New York from commerce in the United States generally" and the court therefore held "the Complaint's allegations concerning defendant's website [to be] insufficient to confer personal jurisdiction over the defendant."  Similarly, in *Megna v. Biocomp Labs. Inc*., 166 F. Supp. 3d 493, 498 (S.D.N.Y. 2016), the court found that plaintiff's failure to distinguish in the complaint between defendant's commerce in New York and commerce in the United States was fatal to showing that defendant transacted business in New York.  *See also Coll. Essay*, 2015 WL 5729681 at *4-5 (dismissing complaint because plaintiff failed to allege facts establishing that defendant "specifically targeted its services to New Yorkers").  Were it otherwise, then Plaintiff would be able to establish specific jurisdiction over The Post (and most companies today) in every state.  However, "[w]here a cause of action arises from a posting on an internet website, the fact that the posting appears on the website in every state will not give rise to jurisdiction in every state.  To the contrary, jurisdiction will lie only if the posting is intended to target or focus on internet users in the state where the cause of action is filed."  *Seldon v. Direct Response Techs*., Inc., No. 03 CIV.5381(SAS), 2004 WL 691222, at *4 (S.D.N.Y. Mar. 31, 2004); *see also ISI Brands, Inc. v. KCC Int'l, Inc*., 458 F. Supp. 2d 81, 87 (E.D.N.Y. 2006) (dismissing complaint for lack of personal jurisdiction over a defendant that sold products nationally through an interactive website because the plaintiff "does not claim that the Defendant purposefully solicits New York customers; makes mailings to New York residents; enters contracts in New York; or that its website is in any way targeted towards New York.").

Because Plaintiff has made no claim here that the alleged unlawful activity – posting videos that were not accessible by hearing impaired individuals – "took place in New York, involved any of defendant's New York-based personnel, or otherwise arose out of any of its activities in New York," Plaintiff has "not made a prima facie showing of specific jurisdiction over [The Post]."  *Philpot*, 2017 WL 2270248 at *9.

## III.   Plaintiff Has Not Pled Facts Supporting That The Exercise of Personal Jurisdiction Comports With Due Process

If the exercise of jurisdiction is appropriate under New York law – which it is not - the Court then must decide whether such exercise comports with the requisites of due process. *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997).  The due process inquiry has two parts: (1) "[t]he court must first determine whether the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction," and (2) the court must determine whether the assertion of personal jurisdiction is "reasonable under the circumstances of the particular case."  *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567-68 (2d Cir. 1996).  Here, Plaintiff's allegations do not establish that The Post has sufficient contacts with New York to justify the Court's exercise of personal jurisdiction.

New York law has relied significantly on due process cases in developing its jurisprudence, *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007), and thus, the "minimum contacts evaluation, overlaps significantly with New York's § 302(a)(1) inquiry into whether a defendant has transacted business in the State."  *Brown v. Web.com Grp., Inc.*, 57 F. Supp. 3d 345, 358 (S.D.N.Y. 2014) (internal quotations omitted).  As has been discussed, Plaintiff has not pled sufficient facts concerning The Post's specific ties to New York.  Plaintiffs' allegations establish that (1) Plaintiff is a resident of New York (Dkt. 1 ¶ 14), and (2) Plaintiff attempted to watch videos on The Post's website in New York ((Dkt. 1 ¶ 13).  However, as the

-10-

Supreme Court has established, a Plaintiff cannot satisfy the "minimum contact" inquiry by demonstrating contacts between the plaintiff and the forum State, rather, the relationship must arise out of contacts that the defendant himself creates with the forum State. *Walden v. Fiore*, 134 S. Ct. 1115, 1122, 188 L. Ed. 2d 12 (2014). And because the only other contact alleged between The Post and New York is the fact that The Post operates a website that is accessible throughout the United States, including New York (Dkt. 1 ¶ 29) – an allegation which is insufficient in its own right to establish personal jurisdiction, *Royalty Network*, 648 F. Supp. 2d at 418 – Plaintiff has not pled facts establishing that the exercise of jurisdiction over The Post comports with due process.

## CONCLUSION

For the foregoing reasons, The Post respectfully requests that this Court dismiss Plaintiff's Complaint.

Dated:   December 29, 2017
New York, New York

Respectfully submitted,

*/s/ Eric Distelburger*
Eric Distelburger
JONES DAY
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
edistelburger@jonesday.com

Alison B. Marshall (pro hac vice pending)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: abmarshall@jonesday.com

*Attorneys for Defendant WP Company LLC*